UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 12-20-JBC

BARBARA SHERRY MCBRIDE,                                               PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on McBride's appeal of the Commissioner's denial of her application for Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 11, and deny McBride's motion, R. 10, because substantial evidence supports the administrative decision.

At the date of her current application for SSI, McBride was 52 years old and had a high school equivalency education and work experience as an assembler. AR 12, 22, 60, 160. She alleged disability beginning July 15, 1989, due to irritable bowel syndrome, tendinitis in the left shoulder and wrist, anxiety, depression, costochondritis (chest wall pain), acid reflux, and a history of colon polyps and vertigo. AR 173. She filed her application on July 27, 2009, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Gregory B. Froehlich determined that McBride was not disabled. AR 37-48, 160-63. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health and Human Servs*.,

1

14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 416.920, the ALJ found that the plaintiff had not engaged in substantial gainful activity since July 27, 2009, the application date; that she had severe impairments consisting of tendinitis of the left wrist and shoulder, irritable bowel syndrome, a leaking heart valve, anxiety, depression, and pain in the sternum; that her impairments, whether considered singly or in combination, did not meet or equal one of the listed impairments; that she retained the residual functional capacity ("RFC") to perform light-level work, but had a mildly decreased left hand grip and was precluded from work that required overhead motion with the left upper extremity, frequent contact with the general public, or more than simple instructions; and that, based on her RFC and the testimony of Vocational Expert ("VE") William Ellis, a significant number of unskilled jobs existed in the economy which she could perform. AR 40-47. The ALJ thus declined McBride's claim for disability on December 8, 2010. AR 48. The Appeals Council reviewed the ALJ's decision and adopted his findings except for his conclusion that McBride was unable to perform her past relevant work as an assembler. The Appeals Council found that the ALJ was bound to apply *res judicata* to the findings of a previous ALJ in a 2009 administrative decision, who had concluded that McBride's assembly job did rise to the level of substantial gainful activity. AR 5. While adopting all other portions of ALJ Froehlich's decision, the Appeals Council terminated the sequential evaluation at Step Four and concluded that McBride's limitations did not preclude the performance of her past relevant work as an assembler.

McBride's issues on review are: (1) whether the ALJ properly considered the combined effects of her impairments; (2) whether the ALJ properly considered her subjective complaints; (3) whether the ALJ properly evaluated the opinion evidence; and (4) whether the ALJ erred in relying on the VE's answer where the hypothetical questions relating to her RFC were inaccurate.

The ALJ did not err in considering McBride's impairments in combination. Allegations of disabling pain should not be rejected based on medical evidence alone, and the Commissioner should consider other relevant evidence including daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; side effects of any medication; treatment, other than medication; and other measures taken to relieve pain. *See Felisky v. Bowen*, 35 F.3d 1027, 1038 (6th Cir. 1994). In applying these factors, the ALJ considered McBride's daily activities, her subjective statements, the medication she took, and her statements at the administrative hearing. AR 42-45. This discussion of her multiple impairments along with a statement that they were considered in combination is sufficient to meet the Commissioner's burden. *See Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). McBride makes only a general statement concerning the standards of regulatory review without providing any specific explanation of how her impairments in combination would cause greater restriction than that found by the ALJ. Therefore, this argument must fail.

The ALJ considered McBride's allegations regarding her limitations in detail. Contrary to McBride's assertion that her subjective complaints were corroborated by the medical evidence of record, the ALJ specified several significant discrepancies, such as her inconsistent complaints of back pain, the type and small amount of medication she received, the lack of other treatment, and her fairly normal daily activities. AR 45. Contrary to her testimony that irritable bowel syndrome interrupted her day and that she woke up every day with a stomach ache, AR 62, the ALJ noted that there was no mention of morning stomach pain in the medical records and that two physicians indicated that her irritable bowel syndrome was well controlled with medication. AR 45, 241, 280. She received treatment for anxiety, but treating counselors recorded that she was generally managing her symptoms effectively with medication and counseling, with occasional recurrences. AR 245-47. Moreover, she did not mention anxiety at a January 2010 emergency room admission. AR 339.

McBride asserts that the ALJ improperly rejected a Global Assessment of Functioning ("GAF") score of 50 given in August 2009 by Martha Purcell, a therapist with a Master's degree ("M.Ed.") at the Adanta outpatient mental health clinic where McBride received counseling. She asserts that it should have been given great weight because it was from a treating source. AR 247. The ALJ specifically found that the GAF score should not be given controlling weight because Purcell was not an acceptable medical source and because the opinion was given prior to the time period at issue. AR 46. Since the relevant time period

4

began with the filing of the current SSI application on July 27, 2009, and the Purcell report states that McBride had last been seen on July 14, 2009, it is unlikely there was a dramatic improvement in her condition during the 13 days following her last clinic visit and the filing of the SSI application, although the ALJ is technically correct.  However, apart from the time issue, the ALJ is still correct that neither Purcell nor the registered nurse practitioner who also saw McBride at the clinic is considered to be an "acceptable medical source" whose opinion can be used to establish an impairment.  *See* 20 C.F.R. § 416.913; *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 530 (6th Cir. 1997)(concluding that the ALJ has discretion to determine the appropriate weight to accord non-medical source opinions). The ALJ's RFC is also supported by the opinions of state agency reviewing psychologists, who concluded that McBride's condition had not materially changed since the prior decision.  *See* AR 260-272 (psychiatric review by Dr. Mary K. Thompson), 295-97 (mental RFC assessment by Dr. Jay Athy).

The record includes no opinion from a treating source regarding physical restrictions.  The ALJ reasonably relied on the opinions of a consultative physical examiner, Dr. Mark Burns, who examined McBride in October 2009 and found evidence of decreased ranges of motion in the left shoulder and left wrist but concluded that she could perform activities that were largely consistent with the prior ALJ's RFC finding.  AR 281-82.  To the extent that any discrepancy exists between Dr. Burns's findings and the prior RFC, McBride has not raised the issue in

her brief. McBride's arguments that the ALJ improperly relied upon the opinions of consulting and non-examining physicians must also fail.

Finally, McBride's argument that the ALJ erred by relying on the VE's answers to inaccurate hypothetical questions relating to her RFC is moot, given that the Appeals Council vacated that portion of the ALJ's decision and determined that McBride could return to her past work as an assembler, thus terminating the analysis at Step Four of the sequential process. It is the plaintiff's burden at Step Four to prove that her RFC is incompatible with past work. *See Walters*, 127 F.3d at 529. McBride has presented no evidence that she would be incapable of performing this past job.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that McBride's motion for summary judgment, R. 10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 11, is **GRANTED**.

The court will enter a separate judgment.

Signed on July 13, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6